## JOHN W. KELLY v. ABBOTT I. WEINER.

Decided June 12, 1923.

**Fraudulent Sales—Allegation of—Defendant Held in Bail—Facts Considered—Order to Hold in Bail Set Aside.**

On motion to set aside an order to hold defendant to bail in a civil action.

Argued before a single justice.

For the motion, *Seymour J. Solomon.*

*Contra, Abe J. David.*

The opinion of the court was delivered by

BERGEN, J. The defendant owned or controlled all of the capital stock of the Bearing and Odometer Corporation, engaged in the motor bearing business, which he sold to plaintiff, who took possession of the business and after conducting it about two months, he, alleging that the sale was induced by fraudulent representations by defendant, demanded that defendant rescind the sale and refund the money paid him by plaintiff. The defendant refusing the demand, the plaintiff obtained from a Supreme Court commissioner an order that he be held to bail on the ground that the contract of sale to him was fraudulently induced, and defendant was arrested on a *capias ad respondendum,* based on the order. Defendant now moves that the order be set aside and he discharged from arrest upon the insufficiency of the affidavit on which the commissioner acted. The affidavit avers that plaintiff applied to defendant to purchase the business with which he was not familiar; that defendant informed him that the business was a paying business; that the stock of merchandise was new and salable; that his books showed the cost price, and offered to sell the merchandise and fixtures for $3,500; that acting

on the aforesaid representations, plaintiff and defendant entered into an agreement for the sale and purchase (what that agreement was does not appear), and that defendant "represented that he could procure an extension of the lease" from the owner of the premises; that at the closing of the deal defendant produced a list of the stock with the inventoried cost price, which aggregated $4,202.06, and represented that the inventoried prices were the cost prices, and it was then agreed that defendant would sell sufficient merchandise to amount to $3,000, the fixtures for $500 and allow the balance of merchandise to remain with plaintiff on consignment for sale; that before signing this contract defendant represented that he had procured an extension of the lease for two years at a monthly rent of $90, and that the lease was about to be executed; that defendant would lease the premises to plaintiff for $75 a month; that plaintiff had now learned that the lease was never executed; that plaintiff paid defendant $3,-500; that he was afterward informed by experts that a large portion of the merchandise was not salable or new goods, but obsolete and unsalable, and he learned that the cost price was ten per cent. less than shown on the list. The affidavit is clearly insufficient to establish a fraud at the inception of the contract, for it is nowhere stated that the representations were false except that plaintiff had learned, from other persons not named, that the merchandise was unsalable, or that defendant had not obtained an extension lease. All plaintiff's affidavit shows is that he had been so informed by other persons which would be mere hearsay evidence and not competent in a court of justice. The plaintiff does not say that he had any difficulty to sell the merchandise for any such reason during the two months he conducted the business. It may have been so, but it does not appear, and, so far as the competent statements in plaintiff's affidavit show, every representation of the defendant may have been true as to the character of the merchandise, and as to the lease no one competent to testify has said that defendant did not obtain from the owner an extended lease. The putting up by the owner of "To Let" notices may not have been within his rights, or

plaintiff may not have paid the rent as agreed. Much of the dealings between these parties seem to be represented by at least two written contracts to which the affidavit refers, without a copy of the contracts being attached to the affidavits, and all I can deal with is the affidavit.

The order to hold bail will be set aside, with costs, the writ to stand as a summons; the defendant to have twenty days to answer after service of the complaint, or if served the same time after the date of the order discharging the defendant from arrest.